**Affirmed as Modified; Opinion Filed October 11, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01442-CR

**ROY EDWARD BRADY JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F11-45806-Y**

## MEMORANDUM OPINION

Before Justices Myers, Stoddart, and Whitehill
Opinion by Justice Stoddart

We vacate our opinion dated June 29, 2016. This is now the opinion of this Court.

Roy Edward Brady, Jr. appeals his conviction for burglary of a building. In two issues, appellant claims the judgment should be modified to reflect his back-time credit. We agree.

After entering into a plea agreement with the State, appellant waived a jury and pleaded guilty to the state-jail offense of burglary of a building other than a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(1) (West 2011). Appellant also pleaded true to two enhancement paragraphs regarding prior state jail felony convictions. The trial court followed the plea agreement, deferred adjudicating guilt, placed appellant on five years' community supervision, and assessed a $1500 fine. The State later moved to adjudicate guilt, alleging appellant violated the terms of his community supervision. Appellant pleaded true to the allegations in a hearing

on the motion. The trial court found the allegations true, adjudicated appellant guilty, and assessed punishment at four years in prison.

Although the trial court orally pronounced that appellant would receive "back time credit for all the time you served on this case," nothing in the record showed the trial court awarded any back-time credit. Furthermore, nothing in the record allowed us to determine the amount of back-time credit due appellant. Therefore, we remanded this case for a determination of the amount of back-time due. In response, the trial court filed a nunc pro tunc judgment that states appellant's back-time credit is "9/29/13–10/1/13; 10/28/15–11/2/15."

We also note the judgment adjudicating guilt states "Terms of Plea Bargain: 4 YEARS PENITENTIARY" and "Degree: 3RD DEGREE FELONY." The record, however, reflects that appellant entered an open plea of true and the degree is a state jail felony, enhanced by two prior state jail felony convictions, to a third-degree felony. Therefore, we modify the trial court's judgment adjudicating guilt to show the "Terms of Plea Bargain: OPEN" and "Degree: STATE JAIL FELONY ENHANCED TO 3RD DEGREE." See TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151442F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ROY EDWARD BRADY JR., Appellant

No. 05-15-01442-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F11-45806-Y.
Opinion delivered by Justice Stoddart, Justices Myers and Whitehill participating.

Based on the Court's opinion of this date, we modify the trial court's judgment as follows:

> We delete "4 YEARS PENITENTIARY" under Terms of Plea Agreement and add "OPEN."

> We delete "3RD DEGREE FELONY" under Degree and add "STATE JAIL FELONY ENHANCED TO 3RD DEGREE."

As modified, the trial court's judgment nunc pro tunc incorporating the back-time credit of "9/29/13–10/1/13; 10/28/15–11/2/15" is **AFFIRMED**.


Judgment entered this 11th day of October, 2016.